UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PEACE,

    Plaintiff,

v.

WU, et al.,

    Defendants.

Case No. 21-cv-01227-SI

**ORDER OF SERVICE**

Re: Dkt. No. 1

Michael Peace, a pretrial detainee at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following about events that took place at San Francisco County Jail #5 in San Bruno on May 15, 2020: At about 7:35 a.m. Deputy Wu woke up Peace and his cellmate, telling them that it was time for their "walk time"; Peace tried to explain that their "walk time" was during the swing shift. Docket No. 1 at 4. Deputy Wu said he would look into the matter and Peace went back to sleep. Peace was woken up again at 11:30 a.m. by Deputy Wu announcing over the intercom that it was time for their "walk time." Peace and his cellmates exited the cell and tried to explain that their group walked on the next shift; Deputy Wu told them to shut up and walk. Peace tried to talk to another deputy, which led Wu to approach and argue with him before telling Peace to shut up and "take it in the house." *Id*. Deputy Wu eventually told Peace to cuff-up. As soon as Peace turned around to cuff-up, Deputy Wu jumped on his back and put him in a head-lock. *Id.* at 5. Deputy Wu "wrestled [Peace] around which made [them] slam into the metal sink and

1    wall," even though Peace was attempting to allow himself to be handcuffed. *Id.*

2    Peace was taken to an interview room where he talked to captain Tilton and tried to explain
3    what had happened. Captain Tilton told him that if there was any truth to what Peace was saying,
4    he (Tilton) would see it on the pod's camera and would review it. *Id.* Even though a deputy
5    explained that what Peace said was true, captain "Tilton still let his deput[ies] send [Peace] to the
6    hold for 30 days with loss of all [his] privileges." *Id.* at 3. Peace thus lost canteen, phone privileges,
7    and "walk time" for 30 days. *Id.* at 5. Also, a new charge was filed against him but later was
8    dropped at the first court appearance. *Id.*

9    Peace seeks relief under the Fourteenth Amendment, First Amendment retaliation law, and
10   California's Bane Act. *Id.*

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.   <u>Excessive Force</u>

To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The claim arises under the Fourteenth Amendment. *See id.* at 400-01.

1    The complaint's allegation that Deputy Wu "wrestled [Peace] around which made [them] slam into the metal sink and wall" even though Peace was attempting to submit to handcuffs, liberally construed, states a claim against Deputy Wu for the use of excessive force on Peace. It hardly needs mention, but Deputy Wu waking Peace up at 7:30 and 11:30 with plans to make him go for a "walk time" that was not his normal scheduled "walk time" does not amount to a constitutional violation.

B.    Placement In Disciplinary Housing

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. When a pretrial detainee challenges conditions of his confinement, "the proper inquiry is whether those conditions amount to punishment," because the Due Process Clause does not permit punishment "prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). For example, disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required by *Wolff* in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for the disciplinary action must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

The complaint alleges that captain Tilton allowed Peace to be put in disciplinary housing for 30 days (with attendant loss of privileges). Liberally construed, these allegations state a due process claim for the placement of Peace in disciplinary housing without an evidentiary basis.

3

The complaint lists the San Francisco Sheriff's Department in the caption but makes no allegations against that entity. It appears that the Sheriff's Department has been named as a defendant simply because it employs the deputy and captain who allegedly violated Peace's rights. There is no respondeat superior liability under § 1983, that is, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The San Francisco Sheriff's Department is dismissed.

C.  Retaliation

> Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003), and to "pursue civil rights litigation in the courts." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir.1995). Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield. . . . Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2008) (footnotes omitted).

The complaint fails to state a claim for retaliation. The first problem is that conduct usually protected by the cause of action for retaliation is the right of access to the courts or to file grievances, yet the complaint does not allege any facts to suggest that the allegedly retaliatory conduct was responsive to Peace filing a grievance or lawsuit or threatening to file a grievance or lawsuit. The second problem is related to the first: the complaint does not allege any facts that would suggest a chilling effect. The retaliation claim is dismissed.

D.  State Law Claim

California's Bane Act provides a state law remedy against one who interferes or attempts to interfere "by threat, intimidation or coercion" with the exercise or enjoyment of State or Federal constitutional or statutory rights. *See* Cal. Civil Code § 52.1.

4

1  Peace has not stated a claim for relief under state law claim and it appears that he will be
2  unable to do so.  The California Tort Claims Act, *see* Cal. Gov't Code §§ 810, et seq. -- commonly
3  referred to as the California Government Claims Act by the courts, *see City of Stockton v. Sup. Ct.*,
4  42 Cal. 4th 730, 741-42 (Cal. 2007) -- requires a person to present his claim to the public entity
5  before filing a court action.  In order to bring a suit for money damages against a municipal entity
6  or its employees, the California Government Claims Act requires that prior to filing suit, a claimant
7  must file and present a written claim to the public entity, and that the public entity must either act
8  upon or reject the claim.  *See* Cal. Gov't Code § 905 (providing that "all claims for money or
9  damages against local public entities" must "be presented in accordance with ... Section 910," except
10  for certain situations that do not apply in this case); Cal Gov't Code § 910 (setting forth the
11  requirements for the contents of a claim against a public entity). A claim relating to personal injury,
12  such as Plaintiffs' claims, must be presented within six months after the accrual of the cause of
13  action.  *See* Cal. Gov't Code § 911.2(a).  Timely claim presentation is "a condition precedent to
14  plaintiff's maintaining an action against [a public employee or entity] defendant."  *California v.*
15  *Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004).  The failure to include the necessary
16  allegations about claim presentation makes the complaint subject to attack for failure to state a cause
17  of action.  *Id.*

18  Peace's complaint fails to state a claim for any state law violation because the complaint
19  does not allege compliance with the claims-presentation requirement.  If, despite his failure to
20  mention it in his complaint, Peace *did* comply with the claims-presentation requirement, he may file
21  an amendment to his complaint within **thirty days** of the date of this order to allege his state law
22  claim.  In such an amendment, he must allege facts showing when he presented his claim and when
23  that claim was rejected, so that it may be determined whether this action was filed within the time
24  limit for any state law claim.  He also must allege facts to show one or more defendants interfered,
25  by threat, intimidation or coercion, with the exercise or enjoyment of State or Federal constitutional
26  or statutory rights.  And he must allege that he is invoking the court's supplemental jurisdiction, *see*
27  28 U.S.C. § 1367, over the state law claim.
28

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against Deputy Wu and Captain Tilton for violating Peace's rights under the Fourteenth Amendment. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon these two individuals who apparently work at the San Francisco County Jail # 5 in San Bruno:

- Deputy Wu (badge #2332)

- Captain Tilton.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **July 2, 2021**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 6, 2021.** Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 20, 2021**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be

6

granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5.   All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.   Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or if he is released from custody.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: April 26, 2021

SUSAN ILLSTON
United States District Judge