UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEACE,<br><br>    Plaintiff,<br><br>    v.<br><br>WU, et al.,<br><br>    Defendants. | Case No. 21-cv-01227-SI<br><br>**ORDER DENYING REQUEST FOR COUNSEL**<br><br>Re: Dkt. No. 6 |

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present here. The facts giving rise to the complaint are rather simple and the legal claims appear straightforward. Additionally, plaintiff has been able to adequately articulate his claims *pro se*. The request for appointment of counsel is DENIED. Docket No. 6.

In the order of service, the court noted that the complaint had mentioned the Bain Act, *see* Cal. Civil Code § 52.1, but did not adequately plead a claim under the Bain Act because, among other things, there was no allegation showing compliance with the claims-presentation requirement under the California Tort Claims Act, *see* Cal. Gov't Code §§ 810, et seq. Docket No. 3 at 5 (citing *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004) (timely claim presentation is "a condition precedent to plaintiff's maintaining an action against [a public employee or entity]

defendant.")). The court explained that, if plaintiff had complied with the claims-presentation requirement, he could file an amendment to his complaint within thirty days. The court directed that, in such an amendment, plaintiff had to: (a) allege "when he presented his claim and when that claim was rejected"; (b) allege "facts to show one or more defendants interfered, by threat, intimidation or coercion, with the exercise or enjoyment of State or Federal constitutional or statutory rights"; and (c) "invoke[e] the court's supplemental jurisdiction, *see* 28 U.S.C. § 1367, over the state law claim." Docket No. 3 at 5. Plaintiff then filed an "amendment complaint" that merely identified the dates on which his claim was presented and rejected. Docket No. 6-1. The "amendment complaint" fails to state a claim upon which relief may be granted because it does not invoke the court's supplemental jurisdiction and does not allege a claim under the Bain Act, i.e., it does not allege facts showing that one or more defendants interfered, by threat, intimidation or coercion, with the exercise or enjoyment of State or Federal constitutional or statutory rights.

Finally, plaintiff wrote that there was a video of the event that would show the use of excessive force. Docket No. 6-1. The parties are required to gather evidence and present it to the court; the court does not investigate on behalf of parties or develop their evidence. Plaintiff should contact the jail to learn about the procedures required to obtain copies of videos made at the jail. If he cannot obtain the information with a simple request at the jail, he may use any one or more of the discovery tools discussed in Federal Rules of Civil Procedure 26-37.

**IT IS SO ORDERED**.

Dated: May 17, 2021

_____
SUSAN ILLSTON
United States District Judge